IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOHN GABINS,                          )
                                      )
              Plaintiff,              )
                                      )
        v.                            ) Civ. Action No. 14-043-GMS
                                      )
CITY OF WILMINGTON, et al,            )
                                      )
              Defendants.             )

## MEMORANDUM

The plaintiff, John Gabins ("Gabins"), proceeds *pro se* and has been granted *in forma pauperis* status. He filed this complaint alleging violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, 28 C.F.R. 35.130, the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, 24 C.F.R. 100.500, and 42 U.S.C. § 1983 and § 1985 all in relation to condemnation and forced evacuation of property where he resided. (D.I. 2.)

## I. BACKGROUND

Named as defendants are the City of Wilmington ("City of Wilmington"), Wilmington Department of Licenses & Inspections Commissioner Jeffrey Starkey ("Starkey"), Delaware Human Relations Commission employee Ramona Fullwood ("Fullwood"),[1] and City of Wilmington employees Jose Natal ("Natal") and Christine Dunning ("Dunning"). Gabins alleges that he is disabled and lived on property located at 12 West 27th Street in Wilmington, Delaware.

---

[1]Improperly named, the Director of the Delaware Division of Human Relations is Romona Fullman. *See* http://statehumanrelations.delaware.gov/director.shtml.

On April 30, 2013, the house was emptied by City of Wilmington employees that caused Gabins to become homeless. He returned to an empty building. The defendants caused over $10,000 in damage which made the building uninhabitable and too expensive for the owner to repair. It appears that Gabins was not the owner of the property. Gabins alleges that the defendants' actions were unjustified and unreasonable. He filed charges with the Delaware Human Relations Commission and an appeal was taken to Fullwood. Gabins seeks compensatory and punitive damages, and injunctive relief to order the defendants to cease and desist the discriminatory policy of unjustified, unreasonable condemnation and forced evacuation of homes without good cause.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Gabins proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly

2

baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Gabins leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed.

R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

The complaint, as it now stands, fails to state a claim upon which relief may be granted. While not clear, it appears that the real property in issue was condemned for municipal code violations by the City of Wilmington. However, the complaint is silent on the condemnation process or if there was an appeal of the condemnation. Gabins indicates that he filed charges with the Human Relations Commission, but the complaint makes no reference to the outcome of those charges other than to note that Gabins appealed to Fullwood. In addition, Starkey, Natal, and Dunning are named as defendants, but there are no allegations directed towards them. Moreover, Gains alleges in a conclusory manner that discrimination occurred based upon an unidentified disability. Finally, the complaint invokes numerous statutes without allegations to support causes of actions under them. Accordingly, the court will dismiss the complaint for failure to state a claim upon which relief may be granted. However, since it appears plausible that Gabins may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV. CONCLUSION

For the above reasons, the complaint will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Gabins will be given an

opportunity to amend the complaint.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2014
Wilmington, Delaware